COMPLAINT UNDER 42 USC § 1983, CIVIL RIGHTS ACT-TDCJ-ID (REV. 7/97)

## IN THE UNITED STATES DISTRICT COURT
### FOR THE SouTHeRn　DISTRICT OF TEXAS
_____ DIVISION

Glenn R. Wade ＃023022232
Plaintiff's name and ID Number

HaRRis County Jail
Place of Confinement

CASE NO. _____
(Clerk will assign the number)

v.

The STaTE oF Texas-184th DisTRicT CouRT 1201 FRanKlin, HousTon, Tx 77002
Defendant's name and address

LaYne THompsoN-Assi-DistRict AttorneY 1201 FRANKlin-Suit #600
Defendant's name and address

Windi AtKins PasToRini-1200 Roth Well HousTon, Tx, 77085
Defendant's name and address
(DO NOT USE "ET AL")

SHERiFF oF HaRRis County Jail, 701 N.San JacinTo, Hou,Tx 77009

INSTRUCTIONS - READ CAREFULLY

NOTICE:

**Your complaint is subject to dismissal unless it conforms to these instructions and this form.**

1. To start an action you must file an original and one copy of your complaint with the court. You should keep a copy of the complaint for your own records.

2. Your complaint must be legibly handwritten, in ink, or typewritten. You, the plaintiff, must sign and declare under penalty of perjury that the facts are correct. If you need additional space, **DO NOT USE THE REVERSE SIDE OR BACK OF ANY PAGE**. ATTACH AN ADDITIONAL BLANK PAGE AND WRITE ON IT.

3. You must file a separate complaint for each claim you have unless the various claims are all related to the same incident or issue or are all against the same defendant, Rule 18, Federal Rules of Civil Procedure. Make a short and plain statement of your claim, Rule 8, Federal Rules of Civil Procedure.

4. When these forms are completed, mail the original and one copy to the Clerk of the United States Court for the appropriate District of Texas in the Division where one or more named defendants are located, or where the incident giving rise to your claim for relief occurred. The list labeled as "VENUE LIST" is posted in your unit law library. It is a list of the Texas prison units indicating the appropriate District Court, the Division and an address list of the Divisional Clerks.

1

LL-052-(06/04)
Δ

**FILING FEE AND IN FORMA PAUPERIS**

1.  In order for your complaint to be filed, it must be accompanied by the filing fee of $150.00.

2.  If you do not have the necessary funds to pay the filing fee in full at this time ,you may request permission to proceed *in forma pauperis*.  In this event you must complete the application to proceed *in forma pauperis (IFP)*, setting forth information to establish your inability to prepay the fees and costs or give security therefor.  You must also include a current six (6) month history of your Inmate Trust Account.  You can acquire the applications to proceed IFP and appropriate Inmate Account Certificate from the law library at your prison unit.

3.  28 U.S.C. 1915, as assembled by the Prison Litigation Reform Act of 1995 (PLRA), provides, "...if a prisoner brings a civil action or files an appeal *in forma pauperis*, the prisoner shall be required to pay the full amount of a filing fee."  Thus, the Court is required to assess and when funds exist, collect, the entire filing fee or an initial partial filing fee and monthly installments until the entire amount of the filing fee has been paid by the prisoner.  If you submit the application to proceed *in forma pauperis*, the court will apply 28 U.S.C. 1915 and, if appropriate, assess and collect the entire filing fee or an initial partial filing fee, then monthly installments from your Inmate Account, until the entire $150 filing fee has been paid.

4.  If you intend to seek *in forma pauperis* status, then do not send your complaint without an Application to Proceed IFP, and the Certificate of Inmate Trust Account.  Complete all the essential paperwork before submitting it to the Court.

**CHANGE OF ADDRESS**

It is your responsibility to inform the Court of any change of address and its effective date.  Such notice should be marked "**NOTICE TO THE COURT OF CHANGE OF ADDRESS**" and shall not include any motion (s) for any other relief.  Failure to file a NOTICE TO THE COURT OF CHANGE OF ADDRESS may result in the dismissal of your complaint pursuant to Rule 41, (b), Federal Rules of Civil Procedure.

**I. PREVIOUS LAWSUITS:**

A.  Have you filed *any* other lawsuits in state or federal court relating to your imprisonment?                                                                                                    ___YES ✓NO

B.  If your answer to "A" is "yes," describe each lawsuit in the space below. (If there is more than onelawsuit, describe the additional lawsuits on another piece of paper, giving the same information.)

1.  Approximate date of filing lawsuit: _____

2.  Parties to previous lawsuit:

    Plaintiff(s) _____

    Defendants(s) _____

3.  Court: (If federal, name the district; if state, name the county.) _____

4.  Docket Number: _____

5.  Name of judge to whom case was assigned: _____

6.  Disposition: (Was the case dismissed, appealed, still pending?)

    _____

7.  Approximate date of disposition: _____

2

II.    PLACE OF PRESENT CONFINEMENT: _Harris County Jail, 701 N, San Jacinto Hou, TX, 77002_

III.   EXHAUSTION OF GRIEVANCE PROCEDURES:

Have you exhausted both steps of the grievance procedure in this institution?    _✓_ YES    __ NO

Attach a copy of the Step 2 grievance with the response supplied by the prison system.

IV.    PARTIES TO THIS SUIT:

A.    Name and address of plaintiff: _Glenn Robbison WADE 701 N. San Jacinto, Houston, Tx, 77002_

B.    Full name of each defendant, his official position, his place of employment, and his full <u>mailing</u> address.

Defendant #1: _JUDGE Jan KROCKER, 184th DISTRICT COURT 1201 FRANKLiN, Houston, Tx, 77002_

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

_ON A Plea Bargain AgreemenT For (6) six months period - PlaintiFF GOT RailRoaded, Ended up with 1 year aFter being_

Defendant #2: _Sentence to 6 months iN CourT._

_LAYNE Thompson_

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

Defendant #3: _LAYNE Thompson,_

riefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

_AgReeded to the Plea For Six months, Also Ray Naiged on the Plea Bargain_

Defendant #4: _WiNDi Atkins PASToRiNi, RepersenTed plaintiff under FalSE aSSumtions that Plaintiff would be geting (6) months period, And would be disCharging iN 90th day._

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

Defendant #5: _SHERiFF oF HARRiS CoonTy jail, ReFuse to ReleasE plaintiff on what was surposely_

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

_plaintiffs date of Release 6/21/08, but held Plaintiff against his will._

V.    STATEMENT OF CLAIM:

State here in a short and plain statement the facts of your case, that is, what happened, where did it happen, when did it happen and who was involved. Describe how each defendant is involved. You need not give any legal or cite any cases or statues. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach extra pages if necessary, but remember that the complaint must be stated briefly and concisely.  IF YOU VIOLATE THIS RULE, THE COURT MAY STRIKE YOUR COMPLAINT.

ON 3/31/08, Plaintiff appear in court in the 184th District Court Harris County Texas, with apointed counsel, "Ms. Winai" Atkins before Judge Jan Krocker. After signing paper work for apointment of counsel, plaintiff Counsel went to see if she could get a lesser plea bargain they "State," wanted to give for the charge of Possesion of Cocain "less then a gram. THE State offer to give plaintiff through counsel (6) six month Harris cou. State jail period, that was the only offer the State offer to give to plaintiff period. Which plaintiff accepted the time. When plaintiff went to be Sentence by Judge Krocker, plaintiff explained to the Judge about his HIVE, and his K.S. Kosiesor comma; skin cancer. Plaintiff ask the Judge to allow him to continue his time in the county jail

RELIEF: State briefly exactly what you want the court to do for you.  Make no legal arguments. Cite no cases or statutes.

Plaintiff Request to be compensated for pain and suffering, mental/Anguish And the extra time that he's done, which He wasn't sentence to. Plus All losties outside of these issuses.

VII.   GENERAL BACKGROUND INFORMATION: IN THE Amount OF 100,50,000.00

A.  State, in complete form, all names you gave ever used or been known by including any and all aliases:

N/A   but Glenn Robbison WADE

B.  List all TDCJ-ID identification numbers you have ever been assigned and all other state or federal prison or FBI numbers ever assigned to you, if known to you.

Don't Know

VIII.  SANCTIONS:

A.  Have you been sanctioned by any court as a result of any lawsuit you have filed?    __YES  ✓NO

B.  If your answer is "yes", give the following information for every lawsuit in which sanctions were imposed.  (If more than one, use another piece of paper and answer the same questions.)

    1.  Court that imposed sanctions (if federal, give the district and division): _____
    2   Case Number: _____
    3.  Approximate date sanctions were imposed:_____
    4.  Have the sanctions been lifted or otherwise satisfied?    __YES  ✓NO

C.  Has any court ever warned or notified you that sanctions could be imposed?    __YES  ✓NO

Page continue
I

FROM STATEMENT OF CLAIM:

OFFER to Give Plaintiff (6) months in the STATE jail. Which was the only Ple BarGain Agreement the States Attorney "Ms. Thompson offer to Plaintiff through counsel the day of 3/31/08, which Plaintiff accepted.

Plaintiff went before Judge KROCKER to be sentence, and explained to the Judge about his being HIV 21 years, also that he had K.S. "Cancer" then ask the Judge to Allow Plaintiff to continue his treatment in the Harris County jail.

With out having to discontinue the treatments Judge KROCKER AGREE that she would give me the (6) months period with 90th day to do for Release on the (6) months in the Harris County jail.

Again, As I stood in Front of Judge KROCKER, Plaintiff, and Another Female Hispainish defendant with the same kind of charge as Plaintiff. The state, and the Judge deceided to sentence the both of us at the same time because the two of us were the last defendants left in the court that day that hadn't been sentence. The Judge sentence me First to (6) months period with 90th days discharge, "in the Harris County jail

PAGE I continue: ~~From~~ STATMENT OF Claim

OFFER to give plAiNtiFF (6) months in the state jail. Which was the only pleA bARgain AgREEment the State Attorney "Ms. Thompsom, OFFER to plAintiFF through Counsel on 3/31/08; which PlAi-ntiFF occepted.

PlAintiFF went bEFORE LJudge KROCKER to bE sEntEnce, And explAinED to the NJudge, about his being HIV@ 21 years, also that PlAintiFF hAs K.S. KosiE sor commA, Skin CAncER. PlAintiFF ask the NJudge "to allow plAintiFF to continue his tREAtment in the HARRis County jail. With out having to dis-continue tREAtments NJudge KROCKER AgREE that she would give plAintiFF the (6) six months period; -with 90th Ninity days, to do FOR RELEASE on the (6) six months in the HARRis County. While standing inFRont oF NJudge KROCKER's bench, A His spAinish FEMEAl deFendant with the sAmE kind oF ChARGE as plAintiFF wAs sEntEnce At the sAmE time to gather becAuse hER, and plAintiFF wERE the only two leFt in the couRt that day at about 1:45, P.m. that hAdn't been sEntEncE. THE NJudge sEntEnce plAintiFF FiRst to (6) six months pERiod, -with 90th days to do for RelEAse from the HARRis County jAil. THE NJudge thON sEntEnce the FEMAlE to (1) ONE yEAR with special stepulatiōns FOR DRUG tREAtment in the HARRis County jail, leaving her to do (6) six months on the (1) ONE yEAR,

OFFER to give Plaintiff (6) months in the state jail. Which was the only Plea Bargain Agreement the State Attorney "Ms. Thompson offer to Plaintiff through counsel on 3/31/08, which Plaintiff accepted.

Plaintiff went before Judge Krocker to be sentence, And explained to the Judge about his being HIVE 21 years, also that Plaintiff has K.S., Kosie surcomma, sikn cancer. Plaintiff osk the Judge" to Allow Plaintiff to continue his treatment in the Harris County jail.

With out having to discontinue the treatments Judge Krocker agree that she would give me the (6) months period, - with 90th Ninty days to do for Release on the (6) six months in the Harris County jail, Again, As I stood in front of Judge Krocker, Plaintiff and Another female Hisspainish defendant, with the same kind of chaRge as Plaintiff was sentence at the same time together because we were the only two left in the court that day that hadn't been sentence. The Judge sentence Plaintiff first to (6) months period with 90th days to do for discharge, in the Harris County jail. The Judge sentence the female to (1) one year Harris County jail, leaving her to do (6) months on the year, "with A discharge

PAGE Continue
From I

meaning the (6) months period that the state offer plaintiff on the Plea Agreement, So Plaintiff could continue to receive the ongoing medical treatment that plaintiff had been receiving with out having to discontinue, because plaintiff was seriously ill with a CD4 count of 178. The Judge "Judge Krocker said ok, that she would give plaintiff the (6) months period in Harris County jail, and all plaintiff had to do on it was 90th days. Judge Krocker as the state" who agree also, as I stood in front of Judge Krocker for sentencing there was another person left in the back that hadn't been sentence. It was a Hispain't female defendant with the same kind of charge as plaintiff was sentence at the same time togather because we were the only two left in the court that day that hadn't been sentence. The Judge sentence plaintiff first to (6) months period with 90th days to do for release in the Harris County jail, with 5 days cerdit. Then the Judge sentence the female to (1) one year Harris County jail, with special Drug treatment in Harris County jail, with a dis charge date of 9/21/08;

This date And the time that the Hispainish female was surposely sentence to is now the time plaintiff is doing, this is showing up on plaintiff's Records and files from Central Records.

Page II
Continue From
I

Form Statement

Plaintiff sign the blank Judgement Conviction Waiver Form, And put his thumb print on the form in front of Judge Krocker, which at the time of "signing" the form was not fill in with the sentence as to how much time plaintiff was receiving on the judgement sheet when I plaintiff sign it.

3When Plaintiff sign Attorney Ms. Atkins took the sheet after plaintiff sign the "blank form", back to the District Attorne "Ms. Thompson, plaintiff had view the forms and read both sides before signing.

Also that once plaintiff Release date arrive, which was June 21, 18, plaintiff could not get out of jail Altho held file many I 60, Rook told plaintiff that only his Attorney can get his time corrected.

## Claim II

Plaintiff has sense lost his apartment in West Ridge Gardens; also have lost his spouse and due to stress, and extreme distress of plaintiffs mind, from having this done to plaintiff. Plaintiff had to seek mental help here through MHMRA, Psychotropic Drugs plaintiff has been place on because of psychotic behavior.

Page II
CONTINUE FROM
- I

## STATEMENT OF CLAIM

Plaintiff sign the blank Judgment Conviction Court WAIVER Form, And put my Thumb print on the Form IN FRONT OF Judge KROCKER which, at the time of signing wasn't Fill in with the time OR Any thing.

3) When Plaintiff Attorney took the blank Form back to the states Attorney "Ms. Thompson I'd Viewed the Form, and Read both sides before signing And thumb printing it. Thats how Plaintiff Knew that nothing was fill in the blanks.

## CLAIM II

Plaintiff has sense lost his Apartment in West Ridge Gardens, on south main and west Ridge st also have lost his Spouse" Ms TiFFAny Pierce. And due to stress and extreme distress of my mind from having this done to me.

Plaintiff had to seek mental help, and has been place on psychotropic Drugs because of psychotic behavior.

with a discharge date of 9/31/08, Which is Now the date which is showing up on plaintiff's Release Records from Central Records.

Plaintiff sign the blank Judgement Conviction Court Waiver Form, and put his tumb print on the Form while standing in front of Judge Krocker bench, which at the time of signing, wasn't Nothing fill in on the Forms, as for as to how much time plaintiff would receive when I'd sign it. When plaintiff Attorney "Ms. Atkins took the sheets after plaintiff sign the forms back to the States attorney Ms. Thompson," Plaintiff already had viewed the forms and Read both sides before signing, That's how plaintiff Knew that Nothing was on them at the time, plaintiff sign them. And the Sheriff still had Refuse any help as for as looking in to the situation or any hopes of release.

<u>Claim II</u>

Plaintiff has sense lost his apartment in West Ridge Gardens, Also have lost his spouse, and due to stress and extreme Distress of plaintiffs mind from having this done to him.

Plaintiff had to seek mental Help from MHMRA, and has sense been place on very strong psychotropic drugs because of psychotic behavior and anxiety.

dATE of 9/21/08, which is the date that Plaintiff now have.

Plaintiff sign the blank Judgment Conviction Court Waiver Form, and put my thumb print on the form in front of Judge Krocker which at the time of signing wasn't nothing fill in as for as how much time I was receiving. on the sheet when I'd sign it.

3. When plaintiff Attorney Ms. Atkins took the sheet after plaintiff sign the blank form, back to the States Attorney Ms. Thompson, I'd already had view the forms and read both sides before signing, that's how plaintiff know that nothing was on them at the time I'd sign them. And the Sheriff Refuse to check into plaintiff's Release.

## CLAIM II

Plaintiff has sense lost his Apartment an West Ridge Gardens, Also have lost his spouse and due to stress and extreme distress of my mind from having this done to plaintiff. Plaintiff had to seek mental help, and has been place on psychotropic drugs because of psychotic behavior.

Page(3)

# STATEMENT OF CLAIM III

In the Bill of Information, the original sentence that plaintiff Attorney Ms. Atkins was told that the states attorney Ms. Thompson would give on the Plea Agreement (6 m's st/jail) could be seen scratch out at the top of the information form" which is my EXHIBIT "A" petitioners EXHIBIT "B" is the Judges INITIALS scratch out at the front middle left, and the far middle right. Then Re written again showing (1) one year and 5 days, then with the same pen Ap2 was put on the information page, Along with this letter which is Exhibit "C". That Showing that all this was done the same day after plaintiff left court. Exhibit "D" will show that the information document is Fraudulent because theirs No time, No DEPUTYS NAME, and when dealing with some ones life, the imaging master Never puts out poor imageds with scratch out information thats so critical to A persons CASE.

Exhibit "E", If the plaintiff WAIVER OF INDICtment, and taken, why was I still indicted. Exhibit "E", my Judgment of Conviction paper work Date of offense, 3/17/2008, Also on the back of the Plea Form it shows that it was only

## STATEMENT OF CLAIM III

In the Bill of Information, the original sentence that petitioners attorney Ms. Atkin's was told that the states Attorney Ms. Thompson would give on the plea agreement (6) six months-state jail," could be seen scratch out at the top of the information page, "which is my Exhibit "A" also the originality and authenticity of the documents. Exhibit "B" is the Judge initials scratch out at the front middle left, and the far middle Right. Then it's Rewritten again showing (1) one year and (5) five days," with the same (pen) A p2 was wrote on the information page, along with this letter which part of Exhibit "C". Showing that all this was done the same day after plaintiff left court. Exhibit "D" will show that the information document is Not showing No time of delivery, No deputy's-Name, and when in a court of law, dealing with peoples lifes "its unprofessional and unethical for professional people. The imaging is very poor which is very critical to petitioners case. Exhibit "E", petitioners conviction paper work Dates of offense, and arrest 3/17/08 are wrong Also on the back of the conviction Forms it Show that it was only (6) six months state that was change to (1) one Year Harris County Jail

## STATEMENT OF Claim III

EXHIBIT "A"

"IN the Bill of INformation, "Exhibit "A" the ORIGINAL sentence that attorney Ms. Atkins was told that the states attorney Ms. Thompson would give plaintiff on the plea agreement. (6 mo's ST. jail) could be seen scratch out at the top of the information form" which is obvious. Initials are scratch out at the middle Left, and the Far middle Right. Then Rewritten again "showing (1) one year and 5-days, "then, with the same pen place p2 printed on the information page in the Right top corner of the page. Along with this letter from the Judge which is plaintiff's Exhibit "B". Showing that all this was done after plaintiff left court.

Exhibit "C", will show that the INformation Document is Fraudulent, "Reason (1) No Rubber stamp, (2.) No time or either any Deputys Name, and the Imaging master Never puts out poor images with scratches, out on such critical information in peoples cases when it involves their Free-dom, and Sometimes their LIVES.

Exhibit "D" IF plaintiff WAIVER of the INd-ictment, then "why was plaintiff still Given infor-mation forms showing that pititioner WAS

## STATEMENT OF Claim III

IN the Bill OF INformation, the oRiGiNAl sentence that plaintiff Attorney Ms. Atkins was told by the Attorney Repersenting the state "Ms. Thompson that she would give (6) six months state jail. Which could be seen Scratch out At the top of the informat- ion FoRm, which is petitioners Exhibit "A". Petitioners Exhibit "B" is the Judge iNitiAls scRAtch out at the middle FRont LEFt, and Also the FAR middle Front Right. Then REWRitten again sHowing (1) one year And 5 days, Also written with the SAme pen, at the FAR Right at the top oF the page P2 that was wrote on the information pageAlong with this letter inter into evdenICE As pARt of Exh- ibit "C" showing that all this was done after petitioner lett court, and After petitioner file motion for All transcRip, and Judgement papers. Exhibit "D" will show that the information docu- ment is FRaudulent beCAuse theirs NO time oF ReCEiving them, NO deputys NAme. And when deAliNg with A persons Freedom or life, the imAging master Never puts out pOOR quility imAgeds with scRAtch out iNformation that so cRitical to the states CASE For A conVI- ction, also iN Exhibit D.

PAGE(4.).

## STATEMENT OF Claim

Exhibit "E," If the petitioners Waiver of INDICTMENT, "then" why, "was petitioner still indicted? Also in exhibit petitioners Judgment of Conviction paper work date of offense: 3/17/2008, and on the back of the Plea form it shows that it was only (6) six month state that was mark off, then mark again and change to (1) one year Harris County jail period, to do Petitioner would have gotten out 6/21/08, "but," the change to (1) one year put petitioner out Now 9/21/08. plus the dates on the informations all wrong of petitioners arrest, petitioner was arrest on March 25, of 08, was book in at Harris County jail 3/27/08, enter as evidence yellow booking Sheet money slip.

Exhibit "F," Petitioner call the document from the District CLERK from the 184th District Court Room Clerk Ms. S. Pankhurst, stated that their was Not any transcript taken in petitioners state Felom-y Case. Even in misdemeanor Court cases theirs always a stenographer to Record everything thats done in the court during sentencing because of mistakes and other.

## STATEMENT OF Claim

iN dicted,

**Exhibit "E,"** Pititioner Judgement of Conviction PAPER WORK date OF OFFENSE, 3/17/08, also on the back OF the plea form" it show that it was only (6) six months STATE that was change to (6) six months HArris County Jail period, to do only 9th ninty days period on it, and discharge from the county jail 6/21/08,..

'THE dates on the information Conviction sheet is WRong of pititioners GRREST, Plaintiff WAS ARRESTed on the 25th of MARCH.

**Exhibit F,"** The document from the district CLERK from the 189th Court Room CLERK MS.- S. PanKhust, told pititioner that their WAS Not any transcript taken. In which this WAS A state jail Felony that had Nothing RECorded in Plaintiffs CASE.

EveN iN misdemeanor Courts theirs always a STENoGRapher to RECord EVERYthing thats done iN Sentencing A person.

Page(4.)

STATEMENT OF CLAIM

(6) six month state that was change to (1) ~~one~~ year ~~months~~ HARRIS County Jail period; to do only ~~90~~ ~~6~~ 4th days on it, and discharge From the county jail 6/21/08; . Also dates on the informations all wrong of plaintiff arrest, plaintiff was ARRESTED on the 25th of March.

Exhibit "B", THE document From the district Clerk From the 184th court Room Clerk Ms. S PAN KHURST, Plaintiff was told that their was Not any tran-script taken, in which this was A state Jail Felony. Even in misDEMEanoR court Rooms their's always A STENOGRapheR to Record every thing thats done in sentencing A person.

Statement of Claim

per (6) six month to do, dischard date 9/21/08, when petitioner was told again by the Judge that he would be out a few weeks in the beginning of June. Exhibit "G" the documents from the District Clerk from the 184th district court Room clerk, Ms. S PanK Hurst," Plaintiff was told that their was a state jail Not any tran script taken, in which this was im sure," A state jail Felony, And even in Misdemeanor Courts Rooms theirs always A stenographer to Record every thing thats done in sentencing a person so it could be documented.

D.  If your answer is "yes", give the following information for every lawsuit in which warning was imposed. (If more than one, use another piece of paper and answer the same questions.)

1.  Court that imposed warning (if federal, give the district and division):_____

2.  Case Number: _____

3.  Approximate date warnings were imposed: _____

Executed on: __7/25/08__
DATE

_____
(Signature of plaintiff)

## PLAINTIFF'S DECLARATIONS

1.  I declare under penalty of perjury all facts presented in this complaint and attachments thereto are true and correct.
2.  I understand if I am released or transferred, it is my responsibility to keep the Court informed of my current mailing address and failure to do so may result in the dismissal of this lawsuit.
3.  I understand that I must exhaust all available administrative remedies prior to filing this lawsuit.
4.  I understand I am prohibited from bringing an *in forma pauperis* lawsuit if I have brought three or more civil actions in a Court of the United States while incarcerated or detained in any facility, which lawsuits were dismissed on the ground they were frivolous, malicious, or failed to state a claim upon which relief may be granted, unless I am under imminent danger of serious physical injury.
5.  I understand even if I am allowed to proceed without prepayment of costs, I am responsible for the entire $150 filing fee and costs assessed by the Court, which shall be deducted in accordance with the law from my inmate account by my custodian until the filing fee is paid.

Signed this____25____ day of ____July____, 19 _68_.
     (Day)                    (month)        (year)

_____
(Signature of plaintiff)

**WARNING: The plaintiff is hereby advised any false or deliberately misleading information provided in response to the following questions will result in the imposition of sanctions. The sanctions the Court may impose include, but are not limited to monetary sanctions and/or the dismissal of this action with prejudice.**

5

LL-052-(06/04)
Δ



**JAN KROCKER**
JUDGE, 184TH DISTRICT COURT
1201 FRANKLIN
HOUSTON, TEXAS 77002
(713) 755-6358
FAX (713) 755-8973

6-12-08

Mr. Glenn R. Wade, 02302232
6 M J - A
1200 Baker St.
Houston, Tx 77002

Dear Mr. Wade :

I have received your correspondence ~~dated~~ filed various dates in May & June 08.

In response, I have

reviewed your file + paperwork. My handwritten notes on the information (p.1 of the indictment waiver), the 1st page attached to the plea papers, indicate that I agreed to give you 1 year HCJ rather than State jail ~~time~~. The judgment reflects 1 year HCJ, which is correct.

Thank you.

Very truly yours,

Jan Krocker

Jan Krocker

cc:     Court's file
        _____
        _____

Enc; Judgment + Sentence
     2 page waiver of Indictment

*[handwritten annotations at top: "Within a (6) month period Harris County has been SCRATCH out" ... "Judge" ... "Harris County" ... "14 p. Hey 5 days P2"]*

THE STATE OF TEXAS
VS.

**GLENN ROBINSON WADE**
**2501 WESTRIDGE #80**
**HOUSTON, TX 77000**

SPN:
DOB: BM 03/24/56
DATE PREPARED: 3/27/2008

*[handwritten: 02302232 (6) month]*

D.A. LOG NUMBER:1381835
CJIS TRACKING NO.:9162777092-A001

BY: **KL** DA NO: 071819450
AGENCY:**HPD**
O/R NO: 044306208
ARREST DATE: **03/27/08**

NCIC CODE: **5599 04**          RELATED CASES:

FELONY CHARGE: **POSSESSION OF A CONTROLLED SUBSTANCE**
CAUSE NO:
HARRIS COUNTY DISTRICT COURT NO:          **1159656**
FIRST SETTING DATE:                      **184**

BAIL: **$15000**
PRIOR CAUSE NO:

---

**IN THE NAME AND BY AUTHORITY OF THE STATE OF TEXAS:**

Comes now the undersigned Assistant District Attorney of Harris County, Texas, in behalf of the State of Texas, and presents in and to the District Court of Harris County, Texas, that in Harris County, Texas, **GLEN ROBINSON WADE**, hereafter styled the Defendant, heretofore on or about **MARCH 27, 2008**, did then and there unlawfully, intentionally and knowingly possess a controlled substance, namely, **COCAINE**, weighing less than 1 gram by aggregate weight, including any adulterants and dilutants.

*[large handwritten text: "Look From the back when you Hold it up towards A light or Lamp you could see were they Scratch out the (6) Six month HCT - Harris County Jail. Why. The DA Never came with No year at all that day 1993 01 00"]*

**FILED**
Theresa Chang
District Clerk

**MAR 31 2008**

Time: _____
Harris County, Texas

By _____
Deputy

*[vertical right margin: IMAGED]*

**AGAINST THE PEACE AND DIGNITY OF THE STATE.**

*[signature]*

ASSISTANT DISTRICT ATTORNEY
OF HARRIS COUNTY, TEXAS

BAR CARD NO.

**INFORMATION**

RECORDER'S MEMORANDUM
This instrument is of poor quality
at the time of imaging

*[handwritten at bottom: "You First came with 6 months state Remember, Not at Any time that day did you Ever come to me with an offer of Any year"]*

## WAIVER OF INDICTMENT

I AM THE DEFENDANT NAMED IN THE ABOVE FELONY INFORMATION.
MY ATTORNEY HAS EXPLAINED TO ME MY RIGHT TO BE
PROSECUTED BY GRAND JURY INDICTMENT WHICH I HEREBY
WAIVE, AND I CONSENT TO THE FILING OF THE ABOVE FELONY
INFORMATION.

APPROVED: _____    _____
ATTORNEY FOR DEFENDANT             DEFENDANT

ON THIS DAY, THE DEFENDANT AND HIS ATTORNEY APPEARED
BEFORE ME IN OPEN COURT. HAVING BEEN ADVISED BY THE
COURT OF THE RIGHT TO BE PROSECUTED BY INDICTMENT, THE
DEFENDANT KNOWINGLY AND VOLUNTARILY WAIVIED THAT RIGHT.

DONE ON THIS ___3/st___ DAY OF ___March___, 2008

_____
JUDGE PRESIDING

INFORMATION / WAIVER OF INDICTMENT



**P 2**

CASE NO. 1159656

INCIDENT NO./TRN: 9162777092-A001

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 184TH DISTRICT |
| | § | |
| V. | § | COURT |
| | § | |
| WADE, GLEN ROBINSON | § | HARRIS COUNTY, TEXAS |
| | § | |
| STATE ID NO.: TX07983178 | § | |

# JUDGMENT OF CONVICTION BY COURT—WAIVER OF JURY TRIAL

| | | | |
|---|---|---|---|
| Judge Presiding: | HON. JAN KROCKER | Date Judgment Entered: | 3/31/2008 |
| Attorney for State: | LAYNE THOMPSON | Attorney for Defendant: | WINDI AKINS |

Offense for which Defendant Convicted:
**POSSESSION OF COCAINE LESS THAN ONE GRAM**

| Charging Instrument: | Statute for Offense: |
|---|---|
| **INFORMATION** | **N/A** |

Date of Offense:
**3/17/2008**

| Degree of Offense: | Plea to Offense: | Findings on Deadly Weapon: |
|---|---|---|
| **STATE JAIL FELONY-sec 12.44(a) PC** | **GUILTY** | **N/A** |

Terms of Plea Bargain:
**WITHOUT AN AGREED RECOMMENDATION**

| Plea to 1st Enhancement Paragraph: | N/A | Plea to 2nd Enhancement/Habitual Paragraph: | N/A |
|---|---|---|---|
| Findings on 1st Enhancement Paragraph: | N/A | Findings on 2nd Enhancement/Habitual Paragraph: | N/A |

| Date Sentence Imposed: | 3/31/2008 | Date Sentence to Commence: | 3/31/2008 |
|---|---|---|---|

| Punishment and Place of Confinement: | **1 YEARS COUNTY JAIL** |
|---|---|

### THIS SENTENCE SHALL RUN CONCURRENTLY.

☐ SENTENCE OF CONFINEMENT SUSPENDED, DEFENDANT PLACED ON COMMUNITY SUPERVISION FOR **N/A YEARS.**

| Fine: | Court Costs: | Restitution: | Restitution Payable to: | |
|---|---|---|---|---|
| $ N/A | $ 280.00 | $ N/A | ☐ VICTIM (see below) | ☐ AGENCY/AGENT (see below) |

Sex Offender Registration Requirements do not apply to the Defendant. TEX. CODE CRIM. PROC. chapter 62

The age of the victim at the time of the offense was **N/A** .

If Defendant is to serve sentence in TDCJ, enter incarceration periods in chronological order.

Time Credited:

From _____ to _____     From _____ to _____

From _____ to _____     From _____ to _____

From _____ to _____     From _____ to _____

If Defendant is to serve sentence in county jail or is given credit toward fine and costs, enter days credited below.

**5 DAYS     NOTES: TOWARD INCARCERATION, FINE, AND COSTS**

All pertinent information, names and assessments indicated above are incorporated into the language of the judgment below by reference.

This cause was called for trial in Harris County, Texas. The State appeared by her District Attorney.

**Counsel / Waiver of Counsel (select one)**

☒ Defendant appeared in person with Counsel.

☐ Defendant knowingly, intelligently, and voluntarily waived the right to representation by counsel in writing in open court.

Both parties announced ready for trial. Defendant waived the right of trial by jury and entered the plea indicated above. The Court then admonished Defendant as required by law. It appeared to the Court that Defendant was mentally competent to stand trial, made the plea freely and voluntarily, and was aware of the consequences of this plea. The Court received the plea and

The jury heard the evidence submitted and argument of counsel. The Court charged the jury as to its duty to determine the guilt or innocence of Defendant, and the jury retired to consider the evidence. Upon returning to open court, the jury delivered its verdict in the presence of Defendant and defense counsel, if any.

The Court received the verdict and ORDERED it entered upon the minutes of the Court.

### Punishment Assessed by Jury / Court / No election (select one)

☐ **Jury.** Defendant entered a plea and filed a written election to have the jury assess punishment. The jury heard evidence relative to the question of punishment. The Court charged the jury and it retired to consider the question of punishment. After due deliberation, the jury was brought into Court, and, in open court, it returned its verdict as indicated above.

☒ **Court.** Defendant elected to have the Court assess punishment. After hearing evidence relative to the question of punishment, the Court assessed Defendant's punishment as indicated above.

☐ **No Election.** Defendant did not file a written election as to whether the judge or jury should assess punishment. After hearing evidence relative to the question of punishment, the Court assessed Defendant's punishment as indicated above.

The Court FINDS Defendant committed the above offense and ORDERS, ADJUDGES AND DECREES that Defendant is GUILTY of the above offense. The Court FINDS the Presentence Investigation, if so ordered, was done according to the applicable provisions of TEX. CODE CRIM. PROC. art. 42.12 § 9.

The Court ORDERS Defendant punished as indicated above. The Court ORDERS Defendant to pay all fines, court costs, and restitution as indicated above.

### Punishment Options (select one)

☒ **Confinement in State Jail or Institutional Division.** The Court ORDERS the authorized agent of the State of Texas or the Sheriff of this County to take, safely convey, and deliver Defendant to the . The Court ORDERS Defendant to be confined for the period and in the manner indicated above. The Court ORDERS Defendant remanded to the custody of the Sheriff of this county until the Sheriff can obey the directions of this sentence. The Court ORDERS that upon release from confinement, Defendant proceed immediately to the **Harris County District Clerk's office.** Once there, the Court ORDERS Defendant to pay, or make arrangements to pay, any remaining unpaid fines, court costs, and restitution as ordered by the Court above.

☒ **County Jail—Confinement / Confinement in Lieu of Payment.** The Court ORDERS Defendant immediately committed to the custody of the **Sheriff of Harris County, Texas** on the date the sentence is to commence. Defendant shall be confined in the **Harris County Jail** for the period indicated above. The Court ORDERS that upon release from confinement, Defendant shall proceed immediately to the **Harris County District Clerk's office.** Once there, the Court ORDERS Defendant to pay, or make arrangements to pay, any remaining unpaid fines, court costs, and restitution as ordered by the Court above.

☐ **Fine Only Payment.** The punishment assessed against Defendant is for a FINE ONLY. The Court ORDERS Defendant to proceed immediately to the **Office of the Harris County .** Once there, the Court ORDERS Defendant to pay or make arrangements to pay all fines and court costs as ordered by the Court in this cause.

### Execution / Suspension of Sentence (select one)

☐ The Court ORDERS Defendant's sentence EXECUTED.

☐ The Court ORDERS Defendant's sentence of confinement SUSPENDED. The Court ORDERS Defendant placed on community supervision for the adjudged period (above) so long as Defendant abides by and does not violate the terms and conditions of community supervision. The order setting forth the terms and conditions of community supervision is incorporated into this judgment by reference.

The Court ORDERS that Defendant is given credit noted above on this sentence for the time spent incarcerated.

Furthermore, the following special findings or orders apply:

**Signed and entered on March 31, 2008**

X _Jan Krocker_
**JAN KROCKER**
JUDGE PRESIDING

Notice of Appeal Filed: _____

Mandate Received: _____ Type of Mandate: _____

After Mandate Received, Sentence to Begin Date is: _____

Jail Credit: _____

Def. Received on _31 Mar, 08_ at _1:45_ AM / PM

By: _____, Deputy Sheriff of Harris County

**Right Thumbprint**

Clerk: SMP          EN/KR04:_____   LCBT:_____   LCBU:_____   EN/KR18:_____



# THERESA CHANG
## HARRIS COUNTY DISTRICT CLERK

Direct Dial Line:

MR. GLENN R. WADE #02302232
6M 1-A
1200 BAKER ST.
HOUSTON, TEXAS 77002

**Memorandum response to correspondence received:** <u>6-9-08</u>

Re:  Cause No(s) <u>1159656.</u>

Dear <u>MR.  WADE,</u>

☒    Your motion/request <u>6-9-08</u> was filed with the District Clerk and on _____ the Court:

 ☐  Took no action    ☐  Denied your Motion/Request    ☐  Granted your motion/request

☐    Our records reflect your jail time credit to be: _____.

 Sentence to begin date: _____.

☐    Contact TDC records for further information.

☐    Requests for certified copies:

 ☐  Please include full name, date of birth, and/or cause number.

 ☐  Copies must be ordered by document name for correspondence to determine how many pages, to be able to quote a price.  The fee for certified or uncertified copies is $1.00 per page.  All requests must include a self-addressed, stamped envelope.  If the cause number is not known, there will be a record search fee of $5.00.

☒    Other:  <u>THEIR WAS NO TRANSCRIPT DONE ON YOU CASE. IN ORDER FOR YOU TO GET A TRANSCRIPT. A COURT REPORTER WOULD HAVE TO HAVE TAKEN YOUR PLEA.</u>

THERESA CHANG, District Clerk

By: S. PARKHURST
Clerk in the 184TH District Court

P.O. BOX 4651  •  HOUSTON, TEXAS 77210-4651  •  (713) 755-5749

# STATE BAR OF TEXAS



**Bennie M. Ramirez**
**Program Director**

**Client-Attorney Assistance Program**
**1-800-932-1900**

July 14, 2008

Mr. Glenn R. Wade
#02302232
6M1-A
1200 Baker St.
Houston, TX 77002

RE: Client Attorney Assistance Program
Record #:371806

Dear Mr. Wade:

Recently, you submitted a Request for Assistance form to the Client Attorney Assistance Program. In reviewing your information, we are unable to process your Request for Assistance at this time for the following reason(s):

- You have indicated that you already have a grievance pending with the Office of the Chief Disciplinary Counsel (CDC). *If your grievance has already been denied, please send a copy of a letter from the CDC indicating this.*

Please feel free to contact the Client Attorney Assistance Program with any questions by dialing *1-800-932-1900.*

Sincerely,

Dan Turner
Client-Attorney Assistance Program Staff

Encl.

**P.O. Box 12487, Capitol Station, Austin, Texas 78711-2487**

# STATE BAR OF TEXAS



*Office of the Chief Disciplinary Counsel*


July 16, 2008



Glenn R. Wade
SPN #02302242
1200 Baker Street
Houston, Texas  77002

RE:    H0060826926   Glenn R. Wade - Winifred Akins Pastorini

Dear Mr. Wade:

Your request to appeal the classification decision in the above-referenced matter was received and has been forwarded to the Board of Disciplinary Appeals for their review.

The Board of Disciplinary Appeals will notify you of its decision and any further action to be taken.

Sincerely,

J. M. Richards
Senior Investigator
Office of the Chief Disciplinary Counsel
State Bar of Texas

CF7-4A.PRI

**P. O. Box 12487, Capitol Station, Austin, Texas 78711-2487, (512) 453-5535, (512) 453-6667 (FAX)**

MR. GLENN R. WADE #02302232
5F-2
701 North San Jacinto
Houston, Texas, 77002

United States Courts
Southern District of Texas
FILED

AUG 18 2008

Michael N. Milby, Clerk

CERTIFIED MAIL

7002 2030 0000 3481 5856

CLERK OF THE U.S. DISTRICT COURT,
OUSTON DIVISION, P.O. Box 61010, HOUSTON,
TEXAS, 77208.